NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0894n.06

No. 14-5601

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 03, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TAMMY KOCH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| OWNERS INSURANCE COMPANY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BOGGS and GRIFFIN, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Tammy Koch, a Kentucky citizen, appeals through counsel the summary judgment for Defendant-Appellee Owners Insurance Company ("Owners") in this diversity insurance case.

The record reveals that Koch suffered a traumatic brain injury in a motorcycle accident in 2007. She receives Social Security disability benefits. In 2008, a judgment was entered against her in a Kentucky court in the amount of $2,412.79 by Capital One Bank. In 2009, a judgment was entered against her in the amount of $864.35 by Midland Funding. When she applied for homeowner's insurance from Owners in 2010, however, she stated that there were no outstanding judgments against her. When her home was damaged by fire in 2011, Owners did not pay Koch's claim, and she filed an action in Kentucky state court claiming bad faith failure to pay. The action was removed to federal district court based on diversity jurisdiction.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Owners moved for summary judgment, arguing that it was justified in rescinding the insurance policy based on Koch's material misstatement in her application. In her deposition, Koch testified that she was unaware of the judgments against her. The district court concluded that Owners was justified in rescinding the policy based on the misstatement, regardless of whether it was intentional and granted the motion for summary judgment. Koch's motion for reconsideration was denied. On appeal, Koch reasserts that she made no intentional misrepresentation in her application for insurance. In her initial brief, she also argues that the statement was not material, but in her reply brief she concedes that point.

Summary judgment is properly entered where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In this case, the material facts are not in dispute. Under Kentucky law, when an insured misrepresents a material fact on her application, the insurer is justified in rescinding the policy. Ky. Rev. Stat. § 304.14-110; *Hornback v. Bankers Life Ins. Co.*, 176 S.W.3d 699, 705 (Ky. Ct. App. 2005). Kentucky law also provides that a misrepresentation justifies rescission of a policy whether it was made by mistake or intentionally. *Nationwide Mut. Fire Ins. Co. v. Nelson*, 912 F. Supp. 2d 452, 454, 457 (E.D. Ky. 2012) (collecting cases). Therefore, because the facts are not disputed and Owners is entitled to judgment as a matter of law, we AFFIRM the judgment of the district court.